[Cite as *State v. Garner*, 2011-Ohio-1209.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2010 CA 00236 |
| MARCUS GARNER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2009 CR 00855


JUDGMENT:                    Reversed and Remanded


DATE OF JUDGMENT ENTRY:      March 14, 2011


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JOHN D. FERRERO                        CLAIRE R. CAHOON
PROSECUTING ATTORNEY                   ASSISTANT PUBLIC DEFENDER
RENEE M. WATSON                        250 East Broad Street
ASSISTANT PROSECUTOR                   Suite 1400
110 Central Plaza South, Suite 510     Columbus, Ohio  43215
Canton, Ohio  44702

*Wise, J.*

{¶1}    Appellant Marcus Garner appeals the trial court's July 20, 2010, Judgment Entry granting Appellee State of Ohio's Motion to Dismiss and For Summary Judgment.

### STATEMENT OF THE FACTS AND CASE

{¶2}    On May 21, 2009, Appellant Marcus Garner visited a bar known as The Spot in Canton, Ohio. At the bar, Appellant got into a heated argument with Monaray Jones and Daryle Bryant about something that had occurred the week before. Monaray Jones left the patio area of the bar and walked back into the bar. Appellant followed. A fight then erupted inside the bar between Appellant and Jones. Bryant observed Appellant throw a chair and saw him fighting with a number of people. The bar's bouncers broke up the fight and made the participants leave the bar.

{¶3}    Outside of the bar, Quinn Bradley witnessed Appellant and Jones arguing in the parking lot. She saw Appellant with a gun but did not see Jones with a gun. She saw Jones backing away from Appellant with his hands up and telling Appellant to put the gun down. Appellant then shot into the air once and then again at Jones' feet. Following the second shot, Appellant turned around and walked back toward the bar. As he did, Jones obtained a gun and returned fire. Appellant shot back, shooting Jones in the face. Appellant then got on his motorcycle and fled the scene. Jones died as a result of his injuries.

{¶4}    Appellant was subsequently arrested and charged with one count of voluntary manslaughter with a firearm specification and one count of having weapons under disability.

{¶5} Following a jury trial, Appellant was found guilty of the charges. The trial court sentenced Appellant to ten years for voluntary manslaughter, three years for the gun specification and two years for having a weapon under disability. The sentences were to run consecutively for a total of fifteen years incarceration.

{¶6} Appellant filed a direct appeal from his conviction and sentence. In said appeal, Appellant raised four assignments of error: the trial court committed error when it denied his motion to instruct the jury on self defense; his conviction was against the manifest weight of the evidence presented at trial; the trial court erred in not granting his motion for a criminal rule 29 acquittal; and, he was denied his right to effective assistance of counsel. This Court's August 16, 2010, Opinion overruled Appellant's assignments of error and affirmed his conviction. See *State v. Garner*, Stark App.No. 2009-CA-286, 2010-Ohio-3891.

{¶7} On June 25, 2010, Appellant filed a Petition for Post-Conviction Relief.

{¶8} On July 12, 2010, the State filed a Motion to Dismiss and For Summary Judgment.

{¶9} By Judgment Entry dated July 20, 2010, the trial court granted the State of Ohio's Motion to Dismiss.

{¶10} Appellant now appeals to this Court, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶11} "I. THE TRIAL COURT ERRED AND DENIED MR. GARNER DUE PROCESS OF LAW BY DISMISSING HIS POSTCONVICTION PETITION BEFORE

THE EXPIRATION OF TIME FOR FILING A RESPONSE TO THE STATE'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT.

{¶12} "II. THE TRIAL COURT ERRED IN DISMISSING MR. GARNER'S POSTCONVICTION PETITION AS BARRED BY RES JUDICATA WHEN THE PETITION INCLUDED EVIDENCE DEHORS THE RECORD.

{¶13} "III. THE TRIAL COURT ERRED IN DISMISSING MR. GARNER'S POSTCONVICTION PETITION, BECAUSE MR. GARNER PRESENTED A SUBSTANTIVE GROUND FOR RELIEF IN OFFERING SUFFICIENT EVIDENCE THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

{¶14} "IV. THE TRIAL COURT ERRED IN DISMISSING MR. GARNER'S POSTCONVICTION PETITION WITHOUT AN EVIDENTIARY HEARING WHEN THE PETITION DEMONSTRATED SUFFICIENT OPERATIVE FACTS TO ESTABLISH SUBSTANTIVE GROUNDS FOR RELIEF."

**I.**

{¶15} In his first assignment of error, Appellant claims that the trial court erred in granting the State's motion to dismiss prior to the expiration of the time for a response. We agree.

{¶16} Civ.R. 56(E) states, in pertinent part:

{¶17} "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

**{¶18}** Loc. R. 10.01 of the Court of Common Pleas of Stark County provides: ***
Motions for summary judgment taken pursuant to Civil Rule 56 will be set for hearing
and briefs will be due as required by Civil Rule 56(C).

**{¶19}** The Ohio Rules of Civil Procedure clearly contemplate that a party will
have at least fourteen days following service of a motion for summary judgment to file
opposing affidavits. See, Civ.R. 56(C).

**{¶20}** In the present case, the trial court ruled upon the State's motion for
summary judgment prior to the expiration of the fourteen-day time limit for Appellant's
response. By failing to provide Appellant with an opportunity to respond, the trial court
denied Appellant his right to due process.

**{¶21}** Based on the foregoing, we find that Appellant's right of due process was
infringed upon as he was not given an opportunity to respond to the motion for summary
judgment.

**{¶22}** Accordingly, we find Appellant's first assignment of error well-taken and
hereby sustain same.

## II., III., IV.

**{¶23}** Based on our disposition of Appellant's first assignment of error and our
remand to the trial court to consider Appellant's response to the State's Motion to
Dismiss and For Summary Judgment, we decline to rule on Appellant's remaining
assignments of error.

{¶24} Accordingly the judgment of the Court of Common Pleas, Stark County, Ohio, is reversed and this matter is remanded for further proceedings consistent with the law and this opinion.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

                                            JUDGES

JWW/d 0228

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                 :
                                           :
-vs-                                       :            JUDGMENT ENTRY
                                           :
MARCUS GARNER                              :
                                           :
    Defendant-Appellant                :            Case No. 2010 CA 00236


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs assessed to Appellee.


_____

_____

_____

                                 JUDGES