[Cite as *State v. Garner*, 2011-Ohio-5582.]

COURT OF APPEALS
STARK  COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee, | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| v. | : | |
| | : | Case No. 2011-CA-00075 |
| MARCUS GARNER, | : | |
| | : | |
| | : | |
| Defendant-Appellant. | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of
                            Common Pleas Case No. 2009-CR-0855


JUDGMENT:                   AFFIRMED

DATE OF JUDGMENT ENTRY:     October 24, 2011


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

JOHN D. FERRERO 0018590                  CLAIRE R. CAHOON 0082335
Stark County Prosecutor                  Office of the Ohio Public Defender
110 Central Plaza, South, Ste. 510       250 East Broad Street, Ste. 1400
Canton, Ohio 44702                       Columbus, Ohio 43215

RENEE M. WATSON 0072906
Assistant Prosecuting Attorney
(Counsel of Record)

*Delaney, J.*

{¶ 1}  Defendant-Appellant, Marcus Garner, appeals the judgment of the Stark County Court of Common Pleas, denying his petition for postconviction relief.  The State of Ohio is Plaintiff-Appellee.

{¶ 2}  On May 21, 2009, Appellant was at a bar, The Spot, in Canton, Ohio. At the bar, Appellant got into a heated argument with Monaray Jones.  Jones left the patio area of the bar and walked back into the bar. Appellant followed. A fight then erupted inside the bar between Appellant and Jones, and several others. The bar's bouncers broke up the fight and the participants subsequently left the bar.

{¶ 3}  Outside of the bar, witnesses testified Appellant and Jones arguing in the parking lot.  Appellant then pointed a gun and fired a shot at Jones' feet and then again into the air.  Appellant turned around and walked back toward the bar. As he did, Jones obtained a gun and fired at Appellant as he was walking away.  Appellant shot back, shooting Jones in the face. Appellant then got on his motorcycle and fled the scene. Jones died as a result of his injuries.

{¶ 4}  In July, 2009, Appellant was indicted on one count of voluntary manslaughter, a felony of the first degree, with a firearm specification, and one count of having a weapon under disability.  In October, 2009, Appellant exercised his right to a jury trial and was found guilty as charged.  He was then sentenced to an aggregate of 15 years in prison.

{¶ 5}  Appellant filed a direct appeal with this Court, and raised four assignments of error.  In his first assignment of error, he argued that the trial court erred in refusing to issue a jury instruction on self-defense.  In his second and third assignments of error, he

challenged the weight and sufficiency of the evidence. In his fourth assignment of error, he argued that he received the ineffective assistance of trial counsel for failing to call witnesses or to provide evidence in support of his self-defense claim.

{¶ 6} This Court, in *State v. Garner*, 5th Dist. No. 2009CA286, 2010-Ohio-3891, affirmed Appellant's convictions, finding no error in the trial proceedings below. This Court noted that Appellant argued to the jury the case was about mistaken identity, not self-defense. After reviewing the law in regards to self-defense, including the requirement that a defendant must prove he is not at fault for creating the situation giving rise to the affray, this Court stated that "numerous witnesses testified they witnessed Appellant brandish a gun, point at Jones and make intimidating statements. The testimony established Appellant brandished and shot his gun first." Id. at ¶ 20. Accordingly, we concluded "* * * the trial court did not abuse its discretion in not instructing the jury as to self defense. The evidence demonstrates Appellant was at fault in creating the situation giving rise to the shooting of Monaray Jones." Id. at ¶ 112.

{¶ 7} On June 25, 2010, Appellant filed a petition for postconviction relief, claiming ineffective assistance of trial counsel. Specifically, Appellant argued trial counsel was ineffective for failing to investigate exculpatory eyewitnesses to support a self-defense theory. In support, Appellant submitted the affidavit of Christopher Huff, a bar bouncer, who did not testify at trial. Appellee filed a response to the petition and a motion to dismiss and for summary judgment.

{¶ 8} The trial court dismissed Appellant's petition, finding his claim of ineffective assistance to be res judicata. Additionally, the court stated that even if the claim were not barred by res judicata, Appellant's complaint was without merit.

**{¶ 9}** Appellant appealed the denial of the postconviction petition, and argued that the trial court erred in failing to give him fourteen days to respond to the Appellee's motion for summary judgment. This Court reversed and remanded the case in *State v. Garner*, 5th Dist. No. 2010-CA-236, 2011-Ohio-1209, finding that the trial court violated Appellant's rights in denying him the opportunity to respond to the Appellee's motion within the time limit proscribed by law.

**{¶ 10}** The trial court again denied Appellant's petition and dismissed it without an evidentiary hearing, finding Appellant's ineffective assistance claim to be barred and also without merit.

**{¶ 11}** It is from that judgment that Appellant now appeals, raising three Assignments of Error:

**{¶ 12}** "I.   THE TRIAL COURT ERRED IN DISMISSING MR. GARNER'S POSTCONVICTION PETITION AS BARRED BY RES JUDICATA WHEN THE PETITION INCLUDED EVIDENCE DEHORS THE RECORD.

**{¶ 13}** "II.   THE TRIAL COURT ERRED IN DISMISSING MR. GARNER'S POSTCONVICTION PETITION, BECAUSE MR. GARNER PRESENTED A SUBSTANTIVE GROUND FOR RELIEF IN OFFERING SUFFICIENT EVIDENCE THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

**{¶ 14}** "III.   THE TRIAL COURT ERRED IN DISMISSING MR. GARNER'S POSTCONVICTION PETITION WITHOUT AN EVIDENTIARY HEARING WHEN THE PETITION DEMONSTRATED SUFFICIENT OPERATIVE FACTS TO ESTABLISH SUBSTANTIVE GROUNDS FOR RELIEF.

I., II., III.

{¶ 15} In Appellant's assignments of error, he argues that the trial court erred in dismissing his postconviction petition because his claim was not barred by res judicata. He further argues that he presented sufficient evidence to warrant an evidentiary hearing and for relief to be granted.

{¶ 16} When a defendant files a postconviction petition pursuant to R.C. 2953.21, the trial court must grant an evidentiary hearing unless it determines that the files and records of the case show that the petitioner is not entitled to relief. R.C. 2953.21(E). A trial court may also dismiss a petition for postconviction relief without holding a hearing when the doctrine of res judicata bars the claims raised in the petition. *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233. "Res judicata is applicable in all postconviction relief proceedings." Id. at 95. Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal. Id. "Generally, the introduction in an R.C. 2953.21 petition of evidence dehors the record of ineffective assistance of counsel is sufficient, if not to mandate a hearing, at least to avoid dismissal on the basis of res judicata." *State v. Cole* (1982) 2 Ohio St.3d 112, 114, 443 N.E.2d 169.

{¶ 17} We apply an abuse of discretion standard when reviewing a trial court's decision to deny a postconviction petition without a hearing. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶ 18} Appellant filed a direct appeal, arguing that trial counsel was ineffective for failing to present sufficient evidence that Appellant acted in self-defense and for failing to call certain witnesses to testify on his behalf. However, Appellant did not specify the evidence or witness testimony that trial counsel failed to submit to demonstrate Appellant acted in self-defense. Accordingly, this Court made a determination that "this argument relies upon evidence outside the record and not properly before this Court". *Garner,* supra, at ¶ 126.

{¶ 19} Subsequently, Appellant submitted the affidavit of Christopher Huff in support of the postconviction petition. In the affidavit, Huff avers in relevant part:

{¶ 20} " 1. I was employed at The Spot, 2600 8th Street Northeast, Canton, Ohio 44704, as a bouncer for approximately one year. I was working as a bouncer at The Spot on the night of May 21, 2009.

{¶ 21} " 2. Both Monaray Jones and Marcus Garner were at The Spot that night. I attended high school with Monaray and am acquainted with Marcus Garner from the neighborhood. I am not friendly with either man.

{¶ 22} "3. A fight broke out in the bar that night around 11 p.m., which involved both Monaray Jones and Marcus Garner. The other bouncers and I broke up the fight by having Mr. Jones and his group leave The Spot, while Mr. Garner and his friends stayed inside.

{¶ 23} "4. "After several minutes, Mr. Garner and his friends became concerned that Mr. Jones and his friends might be vandalizing their motorcycles. I accompanied the group outside along with Darren Moreland, who was another bouncer at The Spot.

{¶ 24} "5.  Mr. Jones was still outside with his friends.  Mr. Garner approached him and they had a verbal argument.

{¶ 25} "6.  At that point, Mr. Garner produced a gun and fired a warning shot.

{¶ 26} "7.  Mr. Garner then turned and began walking back toward the front of The Spot where his motorcycle was parked.

{¶ 27} "8.  As Mr. Garner was walking away, a man approached Monaray Jones and embraced him.  Mr. Jones then produced a gun and fired at Mr. Garner.

{¶ 28} "9.  At that point, I ran back into the bar with Darrell Mooreland and several bar patrons.

{¶ 29} "10.  I heard several more shots fired, but I did not see any of them.

{¶ 30} " * * *."

{¶ 31} In this petition, Appellant concedes that self-defense is generally eliminated under Ohio law if the defendant is the first aggressor. However, he argues that the Ohio Supreme Court has recognized an exception – that a defendant's right to self defense is revived when the defendant withdraws as far as he can from the affray in good faith, citing Ohio Jury Instructions (2010), Section 421.19(4).

{¶ 32} Appellant contends that Huff, a credible neutral eyewitness who was not called at trial, defeats the bar of res judicata because the affidavit dehors the record. Appellant contends this supports his claim of ineffective assistance of counsel because trial counsel did not investigate and discover Huff's exculpatory observation pretrial.

{¶ 33} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test.  Initially, a defendant must show that his trial counsel acted incompetently. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052.  In assessing such

claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689, quoting *Michel v. Louisiana* (1955), 350 U.S. 91, 101, 76 S.Ct. 158, 164.

{¶ 34} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." Id. at 690.

{¶ 35} Even if a defendant shows that his counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

{¶ 36} The trial court, in denying Appellant's petition, found that Appellant failed to meet his initial burden of providing sufficient evidentiary documentation containing sufficient operative facts to demonstrate the lack of competent counsel or that he was prejudiced by the alleged ineffectiveness of counsel.

{¶ 37} The trial court, in rejecting Appellant's petition, found that even if his claims were not barred procedurally, they were substantively without merit. Specifically, the court stated, "The Court had the opportunity to view the testimony and videotape at trial. The Court finds it difficult to second guess Petitioner's counsel's strategy and is not persuaded that counsel's strategy was outside the range of professionally

competent assistance. From the Court's review of the testimony, Petitioner pulled out a gun and fired shots in the direction of the deceased. The deceased then produced a gun and fired at Petitioner. Petitioner then fired the fatal shots which caused the death of the deceased. As the evidence showed that Petitioner was the initiator of the gun fight, the Court understands counsel's decision not to call Petitioner as a witness at trial.

{¶ 38} "More importantly the Court finds Petitioner's claim that the jury should have been given an instruction on self-defense to be disingenuous where the evidence showed that Petitioner pulled out a gun and fired the first shots. The Court is not persuaded that Petitioner can show that his counsel's performance was lacking and that the outcome of the trial would have been different had counsel chosen a different strategy.

{¶ 39} "The Court has considered Petitioner's July 22, 2010 Reply to the State's Motion to Dismiss and for Summary Judgment and the Court reiterates its previous position. After watching the evidence unfold at trial, it is clear that an instruction on self-defense was inappropriate, as Petitioner was the aggressor. After reviewing the evidence, the Court would not have allowed such an instruction to be submitted to the jury. *It was obvious to the Court that there was no good-faith intention on the part of the Petitioner to withdraw from the situation. While Petitioner now tries to submit the Affidavit of Christopher Huff to bolster his claim, the Court had the opportunity to view the videotape and hear the testimony at trial.*" (Emphasis added).

{¶ 40} In determining the credibility of supporting affidavits in postconviction relief proceedings, the Ohio Supreme Court determined that a trial court, in assessing the credibility of affidavit testimony in so-called paper hearings, should consider all relevant

factors. *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905. Among those factors are "(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony. (Citation omitted).

{¶ 41} "Depending on the trial court record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court. A trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur." Id. at 285.

{¶ 42} Upon review, we do not find that the trial court abused its discretion in discounting Huff's affidavit and in denying Appellant's petition without a hearing. The affidavit of Huff does not provide any exculpatory information that would have altered the outcome of Appellant's trial. Appellant concedes that Huff's affidavit is consistent with the testimony of two witnesses for the State, Daryle Bryant and Brandon Isles, who testified Appellant turned away from the victim and started walking back towards the motorcycles. In fact, the State remarked in closing argument "it is clear from the

testimony the Defendant walked away and Monaray produced his own gun and started to fire at the Defendant." T. Vol. 4, p. 77.

{¶ 43} If defense counsel was ineffective in failing to present a retreat theory to the jury and requesting a specific jury instruction in that regard, it is this Court's opinion such a claim could have been raised on direct appeal or upon an application for reopening. We would note that defense counsel did request a self-defense instruction because "my client had walked away from the dispute". T. Vol. 4, p. 50. Thus, the trial court correctly concluded that res judicata applies and bars Appellant's petition.

{¶ 44} The trial court also was within its discretion in determining that Huff's affidavit was inconsequential, assuming its truthfulness, because the judge who reviewed the petition was the same judge who presided at the trial and was in the best position to observe the evidence, and thus determine Appellant did not set forth substantive grounds for relief.

{¶ 45} Appellant's first, second, and third assignments of error are overruled.

**{¶ 46}** The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and Edwards, J. concur.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JULIE A. EDWARDS

[Cite as *State v. Garner*, 2011-Ohio-5582.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| | : | |
| v. | : | JUDGMENT ENTRY |
| | : | |
| MARCUS GARNER, | : | |
| | : | |
| Defendant-Appellant. | : | Case No. 2011-CA-00075 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. JULIE A. EDWARDS