[Cite as *Wilmington Savs. Fund v. Lautzenheiser*, 2019-Ohio-2389.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| WILMINGTON SAVINGS FUND | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | | |
| | : | | |
| DONALD J. LAUTZENHEISER AKA | : | | |
| DONALD JAY LAUTZENHEISER, ET AL | : | | Case No. 2018CA00131 |
| | : | | |
| Defendant-Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:               Appeal from the Court of Common
                                       Pleas Case No. 2015CV00789


JUDGMENT:                              Affirmed in Part and Reversed and
                                       Remanded in Part


DATE OF JUDGMENT:                      June 14, 2019


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

PHILLIP BARRAGATE                      DAVID A. VAN GAASBEEK
ASHLYN HEIDER                          1303 West Maple Street
4805 Montgomery Road                   Suite 104
Suite 320                              North Canton, OH  44720
Norwood, OH  45212

*Wise, Earle, J.*

{¶ 1}   Defendant-appellant Donald J. Lautzenheiser appeals the decision of the Stark County Court of Common Pleas grant of summary judgment to plaintiff-appellee Wilmington Savings Fund Society, FSB.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 16, 2015, Citizens Bank NA filed a complaint in foreclosure against appellant, alleging appellant had failed to make payments pursuant to his mortgage contract.

{¶ 3}   On May 20, 2015, counsel for appellant filed a notice of appearance and a motion for a 30-day extension of time to file an answer.

{¶ 4}   On May 21, 2015, the trial court granted counsel's motion for an extension of time until June 18, 2015. On May 26, 2015, the trial court referred the matter to the foreclosure mediation program and stayed proceedings pending the outcome of the mediation. Appellant filed his answer to the complaint on June 19, 2015.

{¶ 5}   On November 24, 2015, the report of the mediator was filed indicating the matter had not been settled as additional information was required from appellant. Appellant was given until December 7, 2015 to produce the documents, and mediation was rescheduled for January 21, 2016.

{¶ 6}   On January 21, 2016, the mediator filed a report indicating the matter was not settled as additional documentation was required. Mediation was again rescheduled for March 17, 2016.

{¶ 7}   On March 18, 2016, the mediator filed another report indicating the matter had not been settled as Citizen's Bank required statements from appellant regarding his

pension benefits. Both parties desired to remain in mediation, but the matter was returned to the trial court for that determination. On April 11, 2016, appellant filed a motion for further mediation. On April 19, 2016, the trial court granted the motion, allowing for one additional mediation.

{¶ 8} Mediation was scheduled for October 20, 2016, but was cancelled on October 19, 2016 because appellant's loan was transferred to a new provider, appellee here, Wilmington Savings Fund Society, FSB. Appellee's motion to substitute party was granted on November 11, 2017.

{¶ 9} The case then sat for more than a year until January 31, 2018, when appellant filed a motion for further mediation due to substitution of party plaintiff. The motion was granted on February 28, 2018.

{¶ 10} Mediation took place as scheduled on May 24, 2018. On May 25, the mediator filed a report indicating mediation had been unsuccessful and referred the matter back to the trial court.

{¶ 11} On July 13, 2018, appellee filed a motion for summary judgment.

{¶ 12} Fourteen days later, on July 27, 2018, appellant filed a "Motion for Stay of Determining the Issues Raised in the Motion for Summary Judgment." In his motion, appellant argued appellee had filed its motion for summary judgment before he could file his amended answer and counterclaim instanter, and that his amended answer and counter claim raised significant points which should be subject to discovery and further scrutiny. On the same day, appellant filed a "Motion for Leave to File an Amended Answer and Counterclaim Instanter." On July 30, 2018, 17 days after appellant's 28-day response

period under Civ.R. 56(C) began, the trial court granted appellee's motion for summary judgement. The trial court did not address either of appellant's motions.

{¶ 13} Appellant timely filed this appeal. The trial court stayed delivery of the deed to the purchaser of the property at issue, pending the outcome of this matter. Appellant raises 3 assignments of error:

I

{¶ 14} "THE TRIAL COURT ERRED IN THIS ACTION IN THAT IT DID NOT REMOVE THE STAY THAT IT ORDERED IN THE JUDGMENT ENTRY OF MAY 26, 2015, AND DID NOT FOLLOW THE REQUIREMENTS OF LOCAL RULES 11 AND 12, STARK COUNTY LOCAL RULES WHICH REQUIRED THAT A CASE SHOULD HAVE A CALL OF THE DOCKET AND THAT A HEARING SHOULD BE SCHEDULED WHEN A MOTION FOR SUMMARY JUDGMENT WAS FILED."

II

{¶ 15} "THE TRIAL COURT BY NOT LIFTING THE STAY, BY NOT FOLLOWING THE REQUIREMENTS OF STARK COUNTY LOCAL RULE 11, BY NOT FOLLOWING THE REQUIREMENTS OF LOCAL RULE 12, BY NOT ESTABLISHING A BRIEFING SCHEDULE, AND BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHILE TWO MOTIONS SEEKING LEAVE TO AMEND THE ANSWER AND THE COUNTERCLAIM VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW AS PROTECTED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION."

III

{¶ 16} "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO APPELLANT BECAUSE THE JUDGMENT WAS IN VIOLATION OF A STAY ORDER ISSUED BY THE COURT ON MAY 26, 2015 AND HAD NOT BEEN REVOKED AND THAT APPELLANT HAD FILED MOTIONS INDICATING THAT HE INTENDED TO FILE ADDITIONAL DOCUMENTS IN THIS MATTER THAT WOULD CREATE A GENUINE ISSUE OF MATERIAL FACT WHICH WOULD DEFEAT A MOTION FOR SUMMARY JUDGMENT ALLEGATIONS."

I

{¶ 17} In his first assignment of error, appellant argues the trial court failed to comply with Stark County Local Rules when it failed to hold a call of the docket hearing. According to appellant, Local Rule 12.02 requires such a hearing and was a prerequisite to lift the stay on proceedings. Appellee does not directly counter appellant's arguments, and instead states that appellant is barred from raising these claims because he failed to raise them below. We disagree with both parties.

{¶ 18} First, as appellant notes, if there was error, it did not occur until the trial court granted appellee's motion for summary judgment. We therefore find appellant may properly raise his complaint here on appeal.

{¶ 19} Next, as for the trial court's compliance or lack thereof with the local rules, the Ninth District Court of Appeals in *Wallner v. Thorne*, 189 Ohio App.3d 161, 2010-Ohio-2146, 937 N.E.2d 1047, set forth standards of review for such complaints at ¶ 21:

Different standards of review have developed in regard to a trial court's failure to comply with its local rules when ruling on motions. In cases where the local rule is merely administrative, is designed to facilitate case management, and does not implicate constitutional rights, the trial court is not bound to comply with it. See, e.g., *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, 846 N.E.2d 509, at ¶ 6-10. In other situations, this court has recognized that a trial court has discretion in regard to its enforcement of local procedural rules when the peculiar circumstances of the case warrant deviation from the local rule. See, e.g., *Yanik v. Yanik*, 9th Dist. No. 21406, 2003-Ohio-4155, 2003 WL 21804802, at ¶ 8-11. However, when the trial court's failure to comply with local rules implicates issues of due process, depriving a party of a "reasonable opportunity to defend" against the disposition of the case in favor of the other party, the trial court is bound to comply with its local rules. See, e.g., *Hillabrand v. Drypers Corp.* (2000), 87 Ohio St.3d 517, 518–520, 721 N.E.2d 1029. * * *

{¶ 20} Appellant complains Stark County Local Rule 12.02 required the trial court to hold a hearing/call of the docket, and lift the stay of proceedings before it could consider appellee's motion for summary judgment. We find, however, the rule is administrative in nature. Section 12.01 evidences the administrative nature of the rule, stating its purpose is "to ensure the efficient and comprehensive management of civil cases," and further that

the purpose of the call of the docket is to "select pretrial and trial dates, and determine whether the case can be submitted to compulsory arbitration pursuant to Rule 16.02(B). * * *"

{¶ 21} Because the rule is administrative in nature, the trial court was not bound to comply with it. Further, when appellant's case was referred to mediation, the trial court's May 26, 2015 judgment entry clearly indicated the matter was "stayed pending the outcome of the mediation." On May 25, 2018, the Report of Mediation was filed indicting "Mediation was unsuccessful; case referred back to trial court." This effectively lifted the stay.

{¶ 22} Appellant's first assignment of error is overruled.

II, III

{¶ 23} We address appellant's second and third assignments of error together. In his second assignment of error, appellant argues his due process rights were violated when the trial court (1) proceeded without first lifting the stay and holding a call of the docket hearing, (2) ignored his July 27, 2018 motions – "Motion for Leave to File an Amended Answer and Counterclaim Instanter," and "Motion for Stay of Determining the Issues Raised in the Motion for Summary Judgment," (3) failed to hold a hearing on appellee's motion for summary judgment in violation of Local Rule 11, and (4) ruled on appellee's motion for summary judgment without giving appellant the right to respond. In his third assignment of error, appellant again argues the trial court ignored/failed to consider his July 27, 2018 motions requesting a stay in determining appellee's motion for summary judgment and his motion for leave to file an amended answer and counter claim. We disagree with appellant's first three arguments, but agree with the fourth.

{¶ 24} First, appellant essentially reiterates the arguments set forth in his first assignment of error, framing them as constitutional violations. He complains that the stay in proceedings was never lifted, and a call of the docket hearing was never held, depriving him of property without a hearing or an opportunity to respond. As we have found above, however, Local Rule 12.02 is administrative in nature, and therefore does not implicate constitutional rights. Additionally, as stated above, the stay was lifted when mediation concluded according to the trial court's May 21, 2015 judgment entry. Indeed, appellant himself filed two motions after mediation concluded. Appellant's complaints, therefore, remain without merit.

{¶ 25} Appellant next complains that the trial court ignored his July 27, 2018 motions. However, "[a] motion not expressly decided by a trial court when the case is concluded is ordinarily presumed to have been overruled." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 13, citing *State ex rel. The V. Cos. v. Marshall*, 81 Ohio St.3d 467, 469, 1998-Ohio-329, 692 N.E.2d 198.

{¶ 26} Third, appellant argues the trial court was required to hold a hearing on appellee's motion for summary judgement pursuant to Local Rule 11. We first note that Local Rule 11 pertains to the reproduction of hospital records. Local Rule 10, however, pertains to hearings and submission of motions. Section 10.01 indicates: "This rule is not applicable to motions for summary judgment taken pursuant to Civil Rule 56. Motions for summary judgment taken pursuant to Civil Rule 56 will be set for hearing and briefs will be due as required by Civil Rule 56(C)." Thus no Stark County Local Rule governs motions for summary judgment.

{¶ 27} Civil Rule 56(C) sets forth the procedure following a party's filing of a motion for summary judgment. The rule provides:

(C) **Motion and Proceedings**. The motion shall be served in accordance with Civ.R. 5. Unless otherwise provided by local rule or by order of the court, the adverse party may serve responsive arguments and opposing affidavits within twenty-eight days after service of the motion, and the movant may serve reply arguments within fourteen days after service of the adverse party's response. *Summary judgment shall be rendered forthwith if* the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although

there is a genuine issue as to the amount of damages. (Emphasis added.)

{¶ 28} The rule does not require a hearing, and instead permits the trial court to render a decision by considering the memoranda and evidentiary materials submitted by the parties.

{¶ 29} Nonetheless, the trial court here ruled on appellee's motion for summary judgment 17 days after it was filed. Pursuant to Civ.R. 56(C), appellant should have been afforded 28 days to respond to appellee's motion for summary judgment. By failing to permit appellant the opportunity to respond, the trial court denied appellant his right to due process. *State v. Marcus Garner*, 5th Dist. Stark No. 2009-Ohio-00855, 2011-Ohio-1209 ¶ 20-21.

{¶ 30} The arguments contained in appellant's second and third assignments of error are overruled in part and sustained in part.

{¶ 31} This matter is remanded to the trial court for proceedings consistent with this opinion.

By Wise, Earle, J.

Hoffman, P.J. concurs in part, dissents in part and

Delaney, J. concur.

EEW/rw

*Hoffman, P.J., concurring in part and dissenting in part*

**{¶32}** I concur in the majority's analysis and disposition of Appellant's first assignment of error. I further concur in the majority's analysis of Appellant's second and third assignments of error with the singular exception regarding his claim the trial court was required to hold a hearing on Appellee's motion for summary judgment.

**{¶33}** The majority correctly directs its analysis to Local Rule 10. The local rule specifically states motions for summary judgment taken pursuant to Civil Rule 56 will be set for hearing and briefs will be due as required by Civil Rule 56(C). While I agree Civil Rule 56(C) does not require a hearing, it seems clear to me the local rule does.

**{¶34}** While I agree Appellant's claim the call of the docket hearing provided for in Local Rule 12.02 is administrative in nature, I find the hearing provided for in Local Rule 10.01 is not, but rather does implicate constitutional due process rights.

**{¶35}** From my review of the record, I find no notice from the trial court as to the date a hearing on the motion for summary judgment was to be held.[1] While the local rule does not specify the nature of the hearing; i.e., evidentiary, oral or non-oral, it nevertheless still provides for a hearing.

---

[1] Appellee's motion for summary judgment provides Appellant "NOTICE" a ruling on its motion will take place "at the convenience of the Court."