[Cite as *J.P. Morgan Mtge. Acquisition Corp. v. Baker*, 2021-Ohio-1024.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| J.P. MORGAN MORTGAGE ACQUISITION CORP., | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| | : | Hon. William B. Hoffman, J. |
| Plaintiff - Appellee | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | |
| | : | |
| TERRY A. BAKER, et al., | : | Case No. 20-COA-021 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Ashland County
Court of Common Pleas, Case
No. 19-CFR-116

JUDGMENT: Affirmed

DATE OF JUDGMENT: March 29, 2021

APPEARANCES:

For Plaintiff-Appellee

ERIC T. DEIGHTON
Carlisle, McNellie, Rini, Kramer
Ulrich, Co. LPA
24755 Chagrin Blvd., Suite 200

For Defendant-Appellee

DAVID N. PATTERSON
P.O. Box 1423
Willloughby, Ohio 44096

*Baldwin, J.*

{¶1}    Appellants, Terry A. Baker and Robert D. Baker appeal the decision of the Ashland County Court of Common Pleas granting summary judgment in favor of appellee, J.P. Morgan Mortgage Acquisition Corporation.

## STATEMENT OF FACTS AND THE CASE

{¶2}    Appellants, Terry and Robert Baker, contend the trial court erred when it granted summary judgment to appellee, J.P. Morgan Mortgage Acquisition Corporation. The Bakers contend the trial court was obligated to conduct a hearing and provide notice prior to deciding the motion. The Bakers also argue that the appellee did not satisfy all conditions precedent to the foreclosure of the mortgage.

{¶3}    Appellee filed a complaint seeking foreclosure of a mortgage on June 12, 2019 alleging that the Bakers had breached the terms of the mortgage and that it was entitled to foreclosure.  The Bakers filed an answer denying J.P. Morgan's claim and included several affirmative defenses.

{¶4}    On November 22, 2019, J.P. Morgan filed a motion for summary judgment with an affidavit of Tamara Price, Assistant Secretary of Rushmore Loan Management Services LLC, loan servicing contractor for J.P. Morgan.  Within that affidavit, Tamara Price confirmed that:

> The copy of the Note, Loan Modification Agreement, Mortgage and Mortgage Assignments attached to the affidavit are true and accurate copies of the original documents;

J.P. Morgan has possession of the Note and is the assignee of the Mortgage;

Terry Ann and Robert Baker defaulted on the Note by failing to make payment;

That all conditions precedent have been met, specifically a copy of the Notice of Acceleration was mailed by First Class mail to the property;

That, as accelerated, the principal balance due on the Note is $140,737.07 plus interest at 9.75% per annum from December 10, 2018.

**{¶5}** In response, the Bakers moved to extend the time limit for their response to the motion for summary judgment to allow new counsel to review the file and permit the parties to explore settlement. The trial court issued an order on February 4, 2020 establishing March 6, 2020 as the deadline for Baker's response to the motion for summary judgment and included the following language:

IT IS FURTHER ORDERED, that the decision on Plaintiff's motion for summary judgment shall be deferred until after the mediation currently scheduled in this case for March 17, 2020 has been completed.

**{¶6}** The Bakers did not file a response to the motion for summary judgment nor did they request any further extension of time to do so. Instead, the Bakers allegedly engaged in discussions with J.P. Morgan in an attempt to reach a mediated settlement.

The mediation was continued to May 28, 2020, but progress made during the mediation is not described within the record.

{¶7} On April 27, 2020, the magistrate ordered that the mediation of May 28, 2020 would be conducted via Skype for Business. No objections to the change in procedure were filed with the court and no further extensions were requested prior to the mediation date. On June 1, 2020, the fourth day after the date scheduled for the mediation, the Bakers filed a pleading captioned Joint Motion to Continue Mediation, referring to the mediation that was to occur on May 28, 2019.

{¶8} The trial court did not rule on the Joint Motion, but instead granted J.P. Morgan's motion for summary judgment and journalized the entry on June 5, 2020. The Bakers filed a timely appeal and submitted three assignments of error:

{¶9} "I. THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY RENDERING A SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE WITHOUT NOTICE AND/OR CONDUCTING A HEARING WITH PRIOR NOTICE."

{¶10} "II. REVIEWING APPELLEE' S MOTION FOR SUMMARY JUDGMENT *DE NOVO*, THE RECORD IS CLEAR AND CONVINCING THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE."

{¶11} "III. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT BASED UPON THE PRESENCE OF GENUINE ISSUES OF MATERIAL FACT REGARDING

THE APPELLEE-PLAINTIFF' S FAILURE TO PROVIDE SUFFICIENT EVIDENCE OF ENTITLEMENT TO FORECLOSURE AND/OR DAMAGES."

## STANDARD OF REVIEW

{¶12} We review cases involving a grant of summary judgment using a de novo standard of review. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.,* 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24. A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination. *Brown v. Scioto Cty. Bd. of Commrs.,* 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993) as quoted in *State v. Standen,* 9th Dist., 173 Ohio App.3d 324, 2007-Ohio-5477, 878 N.E.2d 657, ¶ 7. "Thus, viewing the pleadings in the light most favorable to the [appellant], we must determine whether [appellee] was entitled to judgment as a matter of law." Civ.R. 56(C). *Troyer v. Janis,* 132 Ohio St.3d 229, 2012-Ohio-2406, 971 N.E.2d 862, ¶ 6." [W]e afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate." *Tornado Techs., Inc. v. Quality Control Inspection, Inc.,* 2012-Ohio-3451, 977 N.E.2d 122, ¶ 13 (8th Dist.).

## ANALYSIS

{¶13} Appellants submit three assignments of error within their appeal, but all are intrinsically linked because they address the procedure for the review and issuance of a decision in the context of a motion for summary judgment.  Appellants contend that the trial court erred by failing to provide notice of an impending decision on the motion and failing to hold a hearing prior to deciding the motion, that the appellee failed to establish that it had fulfilled conditions precedent to entitlement to judgment and that the evidence provided by appellee failed to provide evidence that would entitle it to foreclosure.

**I.**

{¶14} In their first assignment of error, the Bakers claim that the trial court erred by not permitting them the opportunity to respond to the motion for summary judgment and not conducting a hearing prior to issuing a ruling.

{¶15} The Bakers do not cite any legal support for a requirement that the trial court conduct a hearing on a motion for summary judgment. We have previously held that Civ.R. 56 does "not require a hearing, and instead permits the trial court to render a decision by considering the memoranda and evidentiary materials submitted by the parties." *Wilmington Savings Fund v. Lautzenheiser,* 5th Dist. No. 2018CA00131, 2019-Ohio-2389, 138 N.E.3d 673, ¶ 28. We reach the same conclusion in the case before us- the trial court was not obligated to hold a hearing.

{¶16} The Baker's claim that they had no notice of the trial court's intent to rule on the motion without receiving their response is belied by the record. The appellee filed a motion on November 22, 2019 and, under the local rule cited by the Bakers, their response was due within twenty-eight days, or on or before December 20, 2019. The Baker's filed a motion to extend the time within which their response was due and, on February 4, 2020, the magistrate issued an order stating "[a]ll responses and opposing affidavits to said motion shall be filed with the Clerk of Courts on or before March 6, 2020." The Bakers had notice that their response to the motion for summary judgment was due on March 6, 2020 at the latest. If, as counsel asserted at oral argument, the Bakers had not received the magistrate's order, they had no reason to conclude that they had more than twenty-eight days from the date the motion was filed to respond.

**{¶17}** The magistrate's order of February 4, 2020 not only set the deadline for the Bakers response, it also deferred the decision on the motion for summary judgment "until after the mediation currently scheduled in this case for March 17, 2020 has been completed." That mediation was continued to May 28, 2020. Prior to that date nothing was filed with the court to indicate the need to continue the mediation. After that date, on June 5, 2020 the trial court issued its decision granting summary judgment. It was not until 5 days after the date the mediation was to take place that appellants filed a "joint motion" to extend the date for the mediation. Appellants contend the trial court improperly ignored this motion, but offers no authority supporting its contention that the trial court was obligated to grant the motion, particularly considering its untimely nature. The record reflects that the trial court waited for the expiration of the deadline to conduct the mediation prior to issuing its decision on the motion for summary judgment thereby complying with the magistrate's order of February 4, 2020. Aside from the appellant's assertion that this was an inequitable act by the trial court, appellants offered no authority to support its contention the trial court violated any of the civil rules, local rules, or its own order.

**{¶18}** The first assignment of error is denied.

## II.

**{¶19}** In their second assignment of error, the Bakers contend the trial court erred in granting summary judgment because appellee failed to fulfill all conditions precedent to the grant of an order in foreclosure and failed to establish it was the true party in interest and had standing.

**{¶20}** The Bakers' argument regarding the failure to fulfill conditions precedent is based upon their contention that this loan was subject to Department of Housing and Urban Development (HUD) regulations which require, among other things, a reasonable attempt to conduct a face-to-face meeting prior to pursuing foreclosure. While the Bakers did include an affirmative defense asserting a violation of the relevant federal regulations, Title 24, Sections 203.604(b) and 606 (a), they did not present evidence establishing that the loan was insured by HUD, a prerequisite to the obligations described in the referenced regulations. *Wells Fargo Bank, NA v. Burd*, 10th Dist. Franklin No. 15AP-1044, 2016-Ohio-7706, ¶ 8. Instead, the Bakers direct our attention to Exhibit G attached to the motion for summary judgment and their strained interpretation of that document.

**{¶21}** The Bakers' conclusion that these regulations apply is based solely upon their unexplained interpretation of the language within the Exhibit G attached to the motion for summary judgment. The Bakers state in their brief that "[t]he Appellee also establishes that United States Department of Housing and Urban Development ("HUD") regulations apply given the forms provided in Exhibit G, as attached to the Appellee's Motion for Summary Judgment. (T.d. 12)." No further explanation supporting their interpretation of this exhibit as requiring the conclusion that the regulations apply is offered by Bakers.

**{¶22}** Exhibit G is a letter from Rushmore Loan Management Services to the Baker's captioned "Notice of Intent to Foreclose." The letter states that it is a notice "required by the Federal Fair Debt Collection Practices Act" and includes a statement indicating that the Bakers "may have the opportunity to receive counseling from various local agencies regarding the retention of your home" and provides a phone number for

the Bakers to contact for a list of HUD approved housing counseling agencies. Also attached to Exhibit G are additional notices of the Bakers' rights, but nothing within this exhibit expresses or even implies that the regulations described by the Bakers would apply to their circumstances.

{¶23} "Ohio appellate courts have held that compliance with HUD regulations is only required in cases in which the loan is HUD/FHA insured. *U.S. Bank Nat'l Ass'n v. Martz,* 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, as quoted in *Bank of New York Mellon v. Urbanek,* 11th Dist. Lake No. 2019-L-067, 2020-Ohio-985, ¶ 34. In this case there is nothing within the loan documents that states the loan is HUD/FHA insured and we reject the Bakers interpretation of Exhibit G as requiring that conclusion.

{¶24} The Bakers also attack the appellee's standing to bring this action. "Standing in a foreclosure case requires the lender to establish "an interest in the note or mortgage at the time it filed the suit." *Wells Fargo Bank, National Assoc. v. Elliot*, 5th Dist. No. 13 CAE 03 0012, 2013–Ohio–3690 ¶ 18 quoting *Fed. Home Loan Mortg. Corp. v. Schwartzwald, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 28*. The current holder of the note and mortgage is the real party in interest in a foreclosure action. *Elliot supra* at ¶ 18 citing *U.S. Bank Natl. Assoc. v. Marcino*, 181 Ohio App.3d 328, 2009–Ohio–1178, 908 N.E.2d 1032, ¶ 32 (7th Dist.).

{¶25} In the case before us, appellee offered the affidavit of Tamara Price, assistant secretary of Rushmore Loan Management Services, LLC, who confirmed that true and accurate copies of the original loan agreement, loan modification agreement, mortgage, and assignments of the mortgage were attached to the affidavit. She also

confirmed that the appellee was in possession of the note and the assignee of the mortgage prior to the filing of the complaint.

**{¶26}** The Baker's claim that the affiant "did not claim to have seen, observed or otherwise viewed the original blue ink instruments and that she'd only viewed a copy of each alleged instrument" is refuted by the affidavit. The affiant stated that she had access to the loan file and computer databases associated with the loan and has reviewed those files and databases and found that the copies attached to her affidavit "are true and accurate copies of the original instruments" leading to a conclusion that she compared the copies to the originals and refuting the appellant's allegation that she never viewed the originals. While the affiant did not expressly state that she viewed the originals, we can infer from her statement that she did view the originals. *Wachovia Bank of Delaware, N.A. v. Jackson, 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203,* ¶¶ 26-27. *See also GMAC Mtge., L.L.C. v. Long,* 8th Dist. Cuyahoga No. 102064, 2015-Ohio-4071, ¶ 23 (Furthermore, Johnston's affidavit contains statements from which we can infer that he compared the documents attached to his affidavit with the original loan documents.)

**{¶27}** Because we find that the loan was not insured by HUD and that J.P.Morgan had standing and was the real party in interest, the second assignment of error is denied.

**III.**

**{¶28}** The Bakers contend that the trial court erred in granting summary judgment because material questions of fact remained regarding whether appellee was entitled to foreclosure. Appellee offered the affidavit of Tamara Price with several pages of documents in support of its motion for summary judgment, but the Bakers contend "Appellee failed to submit a competent, credible payment history; only an illegible, micro-

convoluted "Payment History" and that "Appellee also failed to properly and sufficiently establish alleged payments due, payments paid, and otherwise."

**{¶29}** We described the evidence necessary to support a grant of summary judgment in the context of a foreclosure action in *Wachovia Bank of Delaware, N.A. v. Jackson,* 5th Dist. Stark No. 2010-CA-00291, 2011-Ohio-3203, ¶¶ 41-57, and we find that appellee's affidavit satisfies those requirements.   Within the affidavit, Tamara Price stated:

> That appellee was prior to the filing of the complaint herein, in possession of the note, and assignee of the mortgage as reflected in the chain of assignments and transfers attached to the affidavit;

> That all of the prerequisites required under the note and mortgage necessary to accelerate the balance due on the note have been performed;

> That payment of the loan has been and remains in default because the monthly installments due pursuant to the note and mortgage for the month of January, 2019 and thereafter have not been made;

> That the amount of principal and interest due was the balance of the note of $140,737.07, plus interest at the rate of 9.75% per annum from December 10, 2018 until paid, plus late charges and, pursuant to the mortgage, all sums advanced for the payment of real estate taxes and assessments, insurance premiums and property protection.

**{¶30}** The affiant also provided information to establish:

That she was assistant Secretary of Rushmore Loan Management Services LLC loan servicing contractor for J.P. Morgan Mortgage Acquisition Corp. and is duly authorized to make the affidavit and represents that she is the custodian of the business records hereafter described and has personal knowledge of the contents thereof and therefore competent to testify;

That she was the custodian of the business records described in the affidavit and has personal knowledge of their contents and that she had access to the loan file and computer databases associated with the loan which is the subject of this matter, has reviewed said loan file and associated databases;

That she was able to compare the copies of the documents with the originals and that the copies were true and accurate;

That the documents referenced by the affidavit were attached to the affidavit;

That documentary evidence was identified as business records, and that they were business records kept in the normal course of business;

That affiant was familiar with the compiling and retrieval of the records;

That the records are added either to the physical loan file or associated computer database contemporaneously by a person with knowledge and in the normal course of business;

That affiant was the custodian of records and authenticated the records.

Finally, the affidavit was properly notarized.

{¶31} The Baker's did not submit any evidence refuting the affidavit or opposing the motion for summary judgment and even now they do not contend that the record shows that they were not in default of payment. Instead they claim that J.P. Morgan failed to prove compensable damages and that the payment history offered by it was insufficient.

{¶32} The Baker's rely on the decision in *Charter One Bank, F.S.B. v. Kobenald Corp.* 10th Dist. No. 01AP-886, 2002-Ohio-315 to support their argument that the J.P. Morgan's payment history was deficient and that fault is fatal to the motion for summary judgment. The court in *Charter One* was critical of the fact that "the only evidence submitted by appellee in support of such contention [that a December 1999 payment was not made] is a payment record that goes only through March 1999." In that case the mortgagor filed an affidavit contending that he made the payment, directly contradicting Charter One's affidavit. In the case before us, the payment record is not the sole evidence of default as Tamara Price's affidavit confirms no payment has been made since December 2018 and the Bakers offered nothing to refute that contention. The *Charter One* decision provides no support to the Bakers argument.

{¶33} And we find the Baker's reference to compensable damages inapposite. The cases they rely upon involve personal injury claims, breach of contract and other tort claims. As noted above, the appellee provided the total principal and interest due as required by our decision in *Jackson.* The nature of foreclosure actions does not allow

calculation of any damage until confirmation of the sale of the property, so a claim for compensable damages would be irrelevant at this juncture.

**{¶34}** We find that the appellee's affidavit satisfied the requirements established by *Jackson* and that the Bakers' objections are immaterial and unsupported by the facts and the law. Thus, Appellee set forth sufficient evidence to support its motion for summary judgment. Because the Bakers failed to meet their reciprocal burden of submitting evidence which would create a genuine issue of material fact for trial, we conclude the trial court did not err in granting summary judgment and entering the decree of foreclosure. See *Fifth Third Mtge. Co. v. Fantine,* 5th Dist. Fairfield No. 15–CA–5, 2015-Ohio-4260 ¶ 25; *PNC Bank, N.A. v. Bradford*, 5th Dist. Stark No. 2014CA00029, 2015-Ohio-4092, 2015 WL 5783329 ¶ 42.

**{¶35}** The third assignment of error is denied and the decision of the Ashland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.