[Cite as *Mariner Fin., L.L.C. v. Childs*, 2021-Ohio-3935.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mariner Finance, LLC, | : | |
| Plaintiff-Appellee, | : | No. 21AP-19 |
| | | (M.C. No. 2019 CVF 033867) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Tawan R. Childs, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 4, 2021

**On brief:** *Bleecker Brodey & Andrews, Yana T. Ditchey,* and *Traci B. Schutz*, for appellee.

**On brief:** *Tawan R. Childs*, pro se.

APPEAL from the Franklin County Municipal Court

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Tawan R. Childs, appeals from a judgment of the Franklin County Municipal Court granting the summary judgment motion of plaintiff-appellee, Mariner Finance, LLC ("Mariner Finance"), as to Mariner Finance's claim that Childs failed to repay a loan. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On December 21, 2017, Childs executed a "Note, Security Agreement & Arbitration Agreement" ("note" or "agreement") with Mariner Finance. Under the terms of the agreement, Childs borrowed $3,228.69, at an annual interest rate of 24.99 percent, to be repaid over 40 months. In August 2019, Mariner Finance filed a complaint alleging Childs failed to repay the loan according to the terms of the agreement and was in default.

In September 2019, Childs filed both an answer and a motion to dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6).

{¶ 3} In August 2020, Mariner Finance moved for summary judgment. It submitted an affidavit in support indicating it is the holder of the note, Childs executed the note, the note is in default, and the amount due and owing on the loan. In response, Childs argued in part that Mariner Finance's action was premature based on the arbitration clause in the agreement. Despite bringing no claim against Mariner Finance, Childs also separately moved for default judgment pursuant to Civ.R. 55(A). Based on Childs' reference to the arbitration clause in the agreement, the trial court held the matter in abeyance through November 30, 2020, to provide him an opportunity to initiate arbitration proceedings pursuant to the agreement. However, on December 28, 2020, the trial court noted the record contained no indication that Childs had initiated arbitration proceedings, and it found that Mariner Finance demonstrated an entitlement to summary judgment. Consequently, the trial court awarded judgment in favor of Mariner Finance, and against Childs, in the amount of $2,414.51, plus late charges of $45.00, plus interest at 24.99 percent per annum after August 19, 2019.

{¶ 4} Childs timely appeals.

## II. Assignments of Error

{¶ 5} Childs assigns the following errors for our review:

> [1.] The trial court errors to the prejudice of defendant-appellant by failing to conduct full, fair, and meaningful hearing regarding motion to dismiss, motion for default judgment and motion for summary judgment abusing discretion in contravention to due course, due process and Ohio Rules of Civil Procedure. Ohio Const Art. 1, § 16, U.S Const Amend 14 and Ohio Rules of Civil Procedure 1,7, 12(B)(6), 55 and 56(C), et seq,

> [2.] The trial court errors to prejudice of defendant-appellant and abuses discretion to the prejudice of defendant-appellant by denial of motion to dismiss, denial of default judgment contrary to Ohio Rules of Civil Procedure Rules 12 (B) and 55.

> [3.] Trial court errors to prejudice of appellant and under plenary review doctrine and de novo review consideration

committed reversible error in granting summary judgment contrary to Ohio Rules of Civil Procedure 56 (C).

[4.] Trial court errors to prejudice of defendant-appellant and abuses discretion by failing to address the merits of consumer protection defense below in violation of due course, due process, equal protection under law, Ohio Const Art. 1, § 16, U.S Const Amend 14 and O.R.C. § 1345.01, 1345.02 and Ohio Rules of Civil Procedure.

(Sic passim.)

## III.  Discussion

### A.  First Assignment of Error – Due Process

{¶ 6}    In Childs' first assignment of error, he alleges the trial court violated his due process rights in not conducting "full, fair, and meaningful hearings" concerning his motions to dismiss and for default judgment and Mariner Finance's summary judgment motion.  This assignment of error is not well-taken.

{¶ 7}    The Due Process Clause of the Fifth Amendment to the United States Constitution, as applicable to the states through the Fourteenth Amendment, provides: "No person shall * * * be deprived of life, liberty, or property, without due process of law." But "[f]or all its consequence, 'due process' has never been, and perhaps can never be, precisely defined. * * * Rather, the phrase expresses the requirement of 'fundamental fairness,' a requirement whose meaning can be as opaque as its importance is lofty." *Lassiter v. Dept. of Social Servs. of Durham Cty., North Carolina*, 452 U.S. 18, 24-25 (1981).  Although "due process" lacks a precise definition, courts have long held that due process requires both notice and an opportunity to be heard.  *In re Thompkins*, 115 Ohio St.3d 409, 2007-Ohio-5238, ¶ 13.

{¶ 8}    Childs reasons that because no evidentiary hearing was held on any of the motions filed in the trial court, he was denied due process.  But he was not entitled to any evidentiary hearing on those motions.  While parties may file memoranda and evidentiary materials concerning a summary judgment motion, Civ.R. 56 does not require a trial court to hold an evidentiary hearing on such a motion. *U.S. Bank Natl. Assn. v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 17, citing *Castrataro v. Urban*, 10th Dist. No. 03AP-128, 2003-Ohio-4705, ¶ 16.  *See Wilmington Savings Fund v. Lautzenheiser*, 5th Dist. No.

2018CA00131, 2019-Ohio-2389, ¶ 28 (Civ.R. 56 does "not require a hearing, and instead permits the trial court to render a decision by considering the memoranda and evidentiary materials submitted by the parties."). Nor is a party entitled to an evidentiary hearing on a motion to dismiss pursuant to Civ.R. 12(B)(6). *Woods v. Riverside Methodist Hosp.*, 10th Dist. No. 11AP-689, 2012-Ohio-3139, ¶ 21. A motion under Civ.R. 12(B)(6) is decided on the complaint and any documents appropriately attached. *Cline v. Mtge. Electronic Registration Sys.*, 10th Dist. No. 13AP-240, 2013-Ohio-5706, ¶ 9. And regarding Childs' motion for default judgment pursuant to Civ.R. 55(A), his invocation of that rule was procedurally improper, as explained below in our analysis of his second assignment of error. Thus, we reject Childs' argument that the trial court was required to hold an evidentiary hearing on the filed motions.

{¶ 9} Because Childs fails to demonstrate a due process violation, we overrule his first assignment of error.

### B. Second Assignment of Error – Childs' Motions to Dismiss and for Default Judgment

{¶ 10} Childs' second assignment of error contends the trial court erred in denying his motions to dismiss pursuant to Civ.R. 12(B)(6) and for default judgment pursuant to Civ.R. 55(A). Although the trial court did not expressly deny these motions, by granting Mariner Finance's summary judgment motion, it implicitly denied them. When a trial court does not expressly rule on pending motions upon entering final judgment, this court deems those motions implicitly denied. *Crown Chrysler Jeep, Inc. v. Boulware*, 10th Dist. No. 15AP-162, 2015-Ohio-5084, ¶ 27. We find no error in the trial court's denial of Childs' motions.

{¶ 11} Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint. *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 245 (1975). In ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). The dismissal of a complaint for failure to state a claim is proper when it appears,

beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.).

{¶ 12} In its complaint, Mariner Finance alleged Childs failed to repay the loan pursuant to the terms of the agreement. Alleging a defendant's failure to repay a loan is a cognizable claim. *See, e.g.*, *Dietrich v. Dobos*, 10th Dist. No. 15AP-2, 2015-Ohio-4866. Thus, the complaint presented a claim upon which relief can be granted, and Childs' Civ.R. 12(B)(6) motion lacked merit. Despite this, Childs argues the trial court should have granted this motion because Mariner Finance did not respond to it. We disagree. The fact that Mariner Finance did not respond to the motion was inconsequential as the civil rules do not require a plaintiff to respond to a motion under Civ.R. 12(B)(6), and, as noted above, resolution of such a motion is decided on the complaint and any documents appropriately attached. *Cline*, *supra*.

{¶ 13} As to Childs' motion for default judgment pursuant to Civ.R. 55(A), that motion was procedurally improper. Civ.R. 55 governs default judgment and provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor." Civ.R. 55(A). Mariner Finance initiated this action against Childs, and Childs did not file any counterclaim for affirmative relief against Mariner Finance. Consequently, Childs' invocation of Civ.R. 55 was misplaced and unavailing.

{¶ 14} For these reasons, we overrule Childs' second assignment of error.

**C. Third Assignment of Error – Summary Judgment**

{¶ 15} Childs' third assignment of error alleges the trial court erred in granting Mariner Finance's summary judgment motion. This assignment of error lacks merit.

{¶ 16} An appellate court reviews summary judgment under a de novo standard. *Huntington Natl. Bank v. Hall*, 10th Dist. No. 20AP-449, 2021-Ohio-3111, ¶ 7. Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex*

*rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila v. Hall,* 77 Ohio St.3d 421, 430 (1997); Civ.R. 56(E).

{¶ 17} Here, Mariner Finance submitted evidence demonstrating it is the holder of the note, Childs executed the note, the note is in default, and the balance due and owing. Childs, however, presented no evidence reasonably disputing Mariner Finance's evidence and showing the existence of a genuine issue of material fact. According to Childs, summary judgment in favor of Mariner Finance was inappropriate because Mariner Finance engaged in unlawful predatory lending conduct and misled him. But he has not cited to any evidence in the record reasonably demonstrating Mariner Finance engaged in any unlawful predatory lending conduct or fraud. Childs also argues that Mariner Finance violated the arbitration clause of the agreement by filing the lawsuit, and that the trial court improperly ordered him to cover the costs of any arbitration proceeding, which he could not afford. While the agreement's arbitration clause gave both parties the option to arbitrate most disputes between them, it did not preclude Mariner Finance from filing a civil action against Childs to collect the debt. And the trial court did not order Childs to pay the costs of an arbitration proceeding if he elected to arbitrate the dispute. Pursuant to the agreement, Mariner Finance was obligated to pay the costs of an arbitration proceeding, including the arbitrator's fees and the filing fee. The trial court did not indicate otherwise when it held the matter in abeyance to provide Childs with additional time to initiate arbitration proceedings as provided in the agreement. Despite this opportunity, Childs did not initiate arbitration proceedings.

{¶ 18} Because the trial court did not err in granting summary judgment in favor of Mariner Finance, we overrule Childs' third assignment of error.

### D. Fourth Assignment of Error

{¶ 19} Childs' fourth assignment of error alleges the trial court erred in not addressing the merits of his defense that Mariner Finance engaged in unlawful predatory lending conduct and fraud in connection with the agreement. In granting summary judgment in favor of Mariner Finance, the trial court necessarily rejected Childs' defense. We agree this asserted defense was unavailing. As noted above, Childs has cited no evidence in the record reasonably demonstrating Mariner Finance engaged in any unlawful predatory lending conduct or fraud in connection with the agreement. Therefore, we overrule Childs' fourth assignment of error.

## IV. Disposition

{¶ 20} Having overruled Childs' four assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

DORRIAN, P.J., and MENTEL, J., concur.

_____