[Cite as *Armatas v. Plain Twp.*, 2023-Ohio-204.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STEVEN A. ARMATAS | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| PLAIN TOWNSHIP, OHIO, ET AL. | : | Case No. 2022 CA 00039 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Case No. 2021 CV 00235


JUDGMENT: Affirmed


DATE OF JUDGMENT: January 24, 2023


APPEARANCES:

For Plaintiff-Appellant

STEVEN A. ARMATAS
7690 Bucknell Circle, NW
North Canton, OH  44720

For Defendants-Appellees

JAMES F. MATHEWS
TONYA J. ROGERS
400 South Main Street
North Canton, OH  44720

*Wise, Earle, P.J.*

{¶ 1}  Plaintiff-Appellant, Steven A. Armatas, appeals the March 10, 2022 judgment entry of the Court of Common Pleas of Stark County, Ohio, granting summary judgment to Defendants-Appellees, Plain Township, Ohio, and Plain Township Board of Trustees.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  In September 2016, a dispute commenced between appellant and appellees over what constitutes a "hedge" under Article VI, Section 602.10, of the Plain Township Zoning Resolution.  The ordinance states in pertinent part that "[f]ences, walls, and hedges shall be permitted in any required yard or along the edge of any yard" in any residential district, except if "located in or along the sides or front edge of a front yard shall not exceed three (3) feet in height."  The maximum height of a fence, wall or hedge in any residential district shall be eight feet.  Appellant argued "hedges" included his neighbor's 20-foot high evergreen trees running along the back edge of his property and the zoning director disagreed, stating trees and hedges were different things.

{¶ 3}  On November 14, 2017, appellees voted to amend Article IV "Definitions" to define "hedge," "shrub," and "wall."  "Hedge" was defined as a "line of closely spaced shrubs" and "shrub" was defined as a "bushy, woody plant generally with several permanent stems instead of a single trunk, thereby distinguishing it from a tree."

{¶ 4}  Between 2016 and 2019, appellant filed numerous writs, complaints, and appeals over the issue as outlined by the trial court in its March 10, 2022 judgment entry at 2-5.  Pertinent to this appeal is a federal lawsuit appellant filed on November 14, 2019. Appellant named as defendants the members of the Plain Township Board of Trustees

and the zoning director in their individual capacities. The complaint alleged fraud, violation of federal civil rights, civil conspiracy, unconstitutional passage of a bill of attainder, and punitive damages, and sought declaratory judgment to declare the amendment void. By memorandum of opinion and order dated January 27, 2021, the federal court granted the defendants' motion for judgment on the pleadings, dismissed all of appellant's claims with prejudice, and declined to exercise jurisdiction over the declaratory judgment action and dismissed it without prejudice.

{¶ 5} On May 28, 2020, Aultman Hospital and affiliates filed a complaint against appellant to have him declared a vexatious litigator. On June 17, 2020, Plain Township, two trustees, and the zoning director filed a motion to intervene. By journal entry filed October 14, 2020, the motion to intervene was granted.

{¶ 6} On February 26, 2021, appellant filed the underlying complaint against appellees for declaratory judgment, seeking to invalidate and/or strike down and/or declare null and void the amendment. As in the federal action, appellant argued the amendment failed to advance a legitimate public interest, was passed solely to advance the personal interests of the named defendants, and defendants failed to follow the appropriate ratification procedure under Ohio law. On April 29, 2021, appellant filed an amended complaint to add a claim for violation of the Open Meetings Act, claiming appellees did not pass a resolution to intervene in the aforementioned vexatious litigator lawsuit.

{¶ 7} On November 19, 2021, appellees filed a motion for summary judgment. By judgment entry filed March 10, 2022, the trial court granted the motion, finding the 2017 zoning amendment complied with procedures set forth in R.C. 519.12, the doctrine

of res judicata applied, and appellant failed to provide any evidence on his Open Meetings Act claim. The trial court dismissed appellant's claims with prejudice.

{¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 9} "THE STATE TRIAL COURT COMMITTED ERROR BY NOT AFFORDING THE PLAINTIFF A HEARING BEFORE RENDERING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS."

II

{¶ 10} "THE STATE TRIAL COURT COMMITTED ERROR BY DISREGARDING THE STATUTORY LAW OUTLINING THE PROPER PROCEDURE FOR A TOWNSHIP TO ADOPT A ZONING AMENDMENT."

III

{¶ 11} "THE STATE TRIAL COURT COMMITTED ERROR BY APPLYING THE DOCTRINE OF RES JUDICATA TO A FEDERAL COURT ORDER DISMISSING PLAINTIFF'S STATE LAW DECLARATORY JUDGMENT CLAIMS WITHOUT PREJUDICE."

IV

{¶ 12} "THE STATE TRIAL COURT COMMITTED ERROR BY DISMISSING PLAINTIFF'S CLAIM THAT DEFENDANTS VIOLATED OHIO'S OPEN MEETINGS ACT WHEN THEY AUTHORIZED A LAWSUIT AGAINST HIM OUTSIDE A PUBLIC FORUM."

STANDARD OF REVIEW

{¶ 13} The trial court granted summary judgment to appellees. Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 663 N.E.2d 639 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 14} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

I

{¶ 15} In his first assignment of error, appellant claims the trial court erred by not affording him a hearing before rendering summary judgment in favor of appellees. We disagree.

{¶ 16} Appellant argues Loc.R. 10.01 of the Court of Common Pleas of Stark County, General Division, contemplates that some type of hearing must precede the ruling on a motion for summary judgment and since he was not afforded a hearing, his due process rights were violated. Said rule pertains to hearings and submission of motions. The rule, in effect at the time, states: "This rule is not applicable to motions for summary judgment taken pursuant to Civil Rule 56. Motions for summary judgment taken pursuant to Civil Rule 56 will be set for hearing and briefs will be due as required by Civil Rule 56(C)." Thus, as this court found in *Wilmington Savings Fund v. Lautzenheiser,* Stark No. 2018CA00131, 2019-Ohio-2389, ¶ 26, "no Stark County Local Rule governs motions for summary judgment." The *Wilmington* court went on to analyze Civ.R. 56(C), in effect at the time, and concluded at ¶ 28: "The rule does not require a hearing, and instead permits the trial court to render a decision by considering the memoranda and evidentiary materials submitted by the parties." *Accord J.P. Morgan Mortgage Acquisition Corporation v. Baker,* 5th Dist. Ashland No. 20-COA-021, 2021-Ohio-1024, ¶ 15; *Mariner Finance, LLC v. Childs,* 10th Dist. Franklin No. 21 AP-19, 2021-Ohio-3935, ¶ 8.

{¶ 17} The current version of Civ.R. 56(C), applicable to this case, states after all arguments and materials have been filed, "[s]ummary judgment shall be rendered forthwith." The rule does not mandate the holding of a hearing. The rule provides "[r]esponsive arguments, together with all affidavits and other materials in opposition, and a movant's reply arguments may be served as provided by Civ.R. 6(C)." Civ.R. 6(C)

states: "Responses to motions for summary judgment may be served within twenty-eight days after service of the motion. A movant's reply to a response to any written motion may be served within seven days after service of the response to the motion."

{¶ 18} Appellees filed a lengthy motion for summary judgment on November 19, 2021, containing affidavits and numerous exhibits. Appellant filed an equally lengthy response on December 17, 2021, also containing affidavits and numerous exhibits. Appellees filed a reply on December 22, 2021. The trial court did not rule on the motion until March 10, 2022. Appellant was given a full opportunity to brief the issues and submit evidence and has not shown any prejudice.

{¶ 19} Upon review, we find the trial court did not err in not holding a hearing before ruling on the summary judgment motion.

{¶ 20} Assignment of Error I is denied.

II

{¶ 21} In his second assignment of error, appellant claims the trial court erred by disregarding the statutory law outlining the proper procedure for a township to adopt a zoning amendment. We disagree.

{¶ 22} The dispute centers on Article VI, Section 602.10, of the Plain Township Zoning Resolution which states in pertinent part that "[f]ences, walls, and hedges shall be permitted in any required yard or along the edge of any yard" in any residential district, except if "located in or along the sides or front edge of a front yard shall not exceed three (3) feet in height." The maximum height of a fence, wall or hedge in any residential district shall be eight feet. Appellant argued "hedges" included his neighbor's 20-foot high

evergreen trees running along the back edge of his property and the zoning director disagreed, stating trees and hedges were different things.

{¶ 23} On September 12, 2017, appellees voted to amend Article IV "Definitions" to include definitions for "hedge," "shrub," "tree," and "wall" (Amendment #571-17, Resolution #17-442). In part, "hedge" was defined as a "line of closely spaced shrubs" and "shrub" was defined as a "bushy, woody plant generally with several permanent stems instead of a single trunk, thereby distinguishing it from a tree." As explained in the proposed resolution, appellees determined in their legislative judgment, the "definitions will assist in the uniform and reasonable application[,] interpretation, and enforcement of the Plain Township Zoning Resolution."

{¶ 24} The amendment was sent to the Stark County Regional Planning Commission for review. On October 3, 2017, the planning commission approved the amendment, but recommended modifying the definition of "tree" to a more common definition.

{¶ 25} On October 11, 2017, the Plain Township Zoning Commission held a hearing on the amendment and recommended its denial.

{¶ 26} On November 14, 2017, appellees voted to pass zoning amendment #571-17 with modification, eliminating the definition of "tree" (Resolution #17-442).

{¶ 27} Appellant filed a lawsuit, conceding the issue was whether appellees adhered to the proper procedures under Ohio law in adopting the zoning amendment. Plaintiff's December 17, 2021 Response Brief in Opposition at 3.

{¶ 28} Procedures to amend zoning ordinances is codified in R.C. 519.12. The steps are as follows in pertinent part:

{¶ 29} 1) Amendments to zoning resolutions may be initiated "by the passage of a resolution by the board of township trustees."  Subsection (A)(1).

{¶ 30} 2) Thereafter, "the township zoning commission shall transmit a copy of it together with text and map pertaining to it to the county or regional planning commission, if there is such a commission, for approval, disapproval, or suggestions."  Subsection (E)(1)(a).

{¶ 31} 3) "The county or regional planning commission shall recommend the approval or denial of the proposed amendment or the approval of some modification of it and shall submit its recommendation to the township zoning commission."  *Id.*

{¶ 32} 4) "The recommendation shall be considered at the public hearing held by the township zoning commission on the proposed amendment."  *Id.*

{¶ 33} 5) "The township zoning commission, within thirty days after the hearing, shall recommend the approval or denial of the proposed amendment, or the approval of some modification of it, and submit that recommendation together with * * * the recommendation of the county or regional planning commission on it to the board of township trustees."  Subsection (E)(2).

{¶ 34} 6) "The board of township trustees, upon receipt of that recommendation, shall set a time for a public hearing on the proposed amendment."  Subsection (E)(3).

{¶ 35} 7) "Within twenty days after its public hearing, the board of township trustees shall either adopt or deny the recommendations of the township zoning commission or adopt some modification of them.  If the board denies or modifies the commission's recommendations, a majority vote of the board shall be required."  Subsection (H).

{¶ 36} Appellant takes issue with the last step. He argues appellees were not permitted to pass zoning amendment #571-17 with modification, eliminating the definition of "tree," because the zoning commission recommended its denial. Appellant argues appellees cannot modify a denial.

{¶ 37} In its judgment entry filed March 10, 2022, the trial court disagreed, finding the following:

> The Board of Trustees had before it two recommendations: one of the regional planning commission and one of the zoning commission. One recommended a modification and the other recommended a denial. The statute required that *both* recommendations be submitted to the trustees and the statute utilizes the plural form of "recommendations" when instructing that the trustees may "adopt or deny the recommendations of the township zoning commission or adopt some modification of them." R.C. 519.12(H). (Emphasis sic.)

{¶ 38} Appellant argues the plural "recommendations" must come from the township zoning commission and does not contemplate a recommendation from the planning commission. On this issue, the trial court determined:

> Here, the text of the amendment passed by the trustees was considered by both the regional planning commission and the zoning commission. It was the regional planning commission who recommended

the omission of the definition of tree.  This proposal then was passed on to the zoning commission, where it had the opportunity to consider the very amendment the Board of Trustees ultimately passed.  All pertinent entities had an opportunity to weigh in on the proposed amendment.  The recommendations before the Board of Trustees were: (1) to eliminate the definition of tree but to adopt amendments incorporating the remaining definitions, and (2) to deny the amendment altogether.  The Board of Trustees properly modified the zoning commission's recommendation when it accepted the change proposed by the regional planning commission, but decided not to deny the amendment entirely--which it had every right to do under R.C. 519.12.  The Court finds no merit to Armatas' circular argument that the amendment should have gone through the entire process again simply to remove the definition of tree when that recommendation was already before the zoning commission and the zoning commission rejected it.

{¶ 39} Given the facts of this case, we concur with the trial court's analysis.  R.C. 519.12 provides that amendments to zoning resolutions be considered successively by the regional planning commission, the township zoning commission, and finally by the township board of trustees.  Pursuant to subsection (H), a township board of trustees "shall either adopt or deny the recommendations of the township zoning commission or adopt some modification of them."  Each entity reviewed and considered the same amendment and gave their respective recommendations.  The zoning commission denied

the amendment in toto.  To have the process repeat itself without the definition of "tree" would be duplicative as the zoning commission already denied the whole amendment.  Appellees chose not to follow the zoning commission's recommendation which as noted by the trial court, they had the right to do under R.C. 519.12(H).

{¶ 40} Upon review, we find the trial court did not disregard the statutory law outlining the proper procedure for a township to adopt a zoning amendment.

{¶ 41} Assignment of Error II is denied.

III

{¶ 42} In his third assignment of error, appellant claims the trial court erred by applying the doctrine of res judicata to a federal court order dismissing his state law declaratory judgment action without prejudice.  We disagree.

{¶ 43} In *Armatas v. Aultman Hospital,* 5th Dist. Stark No. 2021 CA 00133, 2022-Ohio-4577, ¶ 34-36, this court set forth the doctrine of res judicata as follows:

> Res judicata can be divided into two separate subparts: claim preclusion and issue preclusion.  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995).  Claim preclusion holds that a valid, final judgment on the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.  *Id.*  Issue preclusion precludes relitigation of any "issue that has been actually and necessarily litigated and determined in a prior action."  *Fort Frye Teachers Assn v. State Emp. Rels. Bd.*, 81 Ohio St.3d 392, 692 N.E.2d 140 (1998).  An issue "that was actually and directly at

issue in a previous action, that was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privities, whether the cause of action in the two actions be identical or different." *Id.*

Res judicata bars a second action when: (1) a court of competent jurisdiction rendered a valid, final judgment on the merits in an earlier action; (2) the second action involves the same parties or their privies; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the same transaction or occurrence that was the subject of the first action. *State ex rel. Armatas v. Plain Twp. Of Bd. of Zoning Appeals*, 160 Ohio St.3d 161, 2020-Ohio-2973, 154 N.E.3d 74.

The Ohio Supreme Court has held, "a claim litigated to finality in the United States District Court cannot be relitigated in a state court when the state claim involves the identical subject matter previously litigated in federal court, and there is * * * no issue of party or privity." *Rogers v. City of Whitehall*, 25 Ohio St.3d 67, 494 N.E.2d 1387 (1986).

{¶ 44} Appellant argues res judicata does not apply because the federal district court dismissed his declaratory judgment claim without prejudice, the trial court overrode and defied the federal district court order in applying the doctrine of res judicata, and the trial court overstated the scope of the federal court's ruling.

{¶ 45} In finding res judicata to apply, the trial court found the federal district court determined certain facts and issues "which may be given preclusive effect here under the doctrine of issue preclusion."  March 10, 2022 Judgment Entry at 11.  (Footnote omitted.) The trial court concluded at 13, "the federal court passed upon the issue of whether there was any lack of process or unfairness as a part of the hearing to amend the zoning ordinance, and determined there was not."

{¶ 46} In the federal district court order, attached to appellees' April 1, 2021 answer as Exhibit N, the federal district court reviewed the magistrate's recommendation to dismiss appellant's federal civil rights claim, specifically, a substantive due process claim. In support of his claim, appellant had argued " '[i]n attempting to adopt an Amendment to the Hedge Ordinance in the fall of 2017, Defendants failed to advance a legitimate public interest, and instead undertook such action to advance their own personal interests[.]' " Magistrate's January 4, 2021 Report and Recommendation at 21, attached to Defendants' April 1, 2021 Answer as Exhibit M.  In finding appellant failed to plead a substantive due process violation, the federal district court stated the following in its order at 6:

Armatas has argued at length that he properly identified a Fourteenth Amendment substantive due process violation and harm to his property values.  However, the very basis of Armatas claim is faulty.  Armatas effectively seeks a determination that the Board of Trustees was not permitted to amend the hedge ordinance.  Armatas, however, has not identified any lack of process surrounding the amendment.  A full and fair public hearing was held prior to the adoption of the amendment.  Moreover,

to the extent that Armatas argues that there were discussions suggesting that the amendment would alleviate litigation, he advances a self-defeating argument. Amending the ordinance to clarify its scope to reduce the possibility of litigation is a legitimate governmental interest.

{¶ 47} The Sixth Circuit affirmed the district court's decision. *Armatas v. Haws,* 6th Cir. No. 21-3190, 2021 WL 5356028 (Nov. 17, 2021).

{¶ 48} In his declaratory judgment claim to the trial court, appellant advanced the same arguments he made in the federal case: the amendment failed to advance a legitimate public interest, was passed solely to advance the personal interests of the named defendants, and defendants failed to follow the appropriate ratification procedure under Ohio law. The federal district court order addressed these issues. We concur with the trial court's conclusion issue preclusion applies in this case.

{¶ 49} Upon review, we find the trial court did not err in applying the doctrine of res judicata.

{¶ 50} Assignment of Error III is denied.

IV

{¶ 51} In his fourth assignment of error, appellant claims the trial court erred in dismissing his claim that appellees violated Ohio's Open Meetings Act when they authorized a lawsuit against him outside a public forum. We disagree.

{¶ 52} R.C. 121.22 governs public meetings. Subsection (A) mandates public officials are required "to take official action and to conduct all deliberations upon official

business only in open meetings unless the subject matter is specifically excepted by law."

Subsection (G)(3) states in pertinent part:

> members of a public body may hold an executive session only after a
> majority of a quorum of the public body determines, by a roll call vote, to
> hold an executive session and only at a regular or special meeting for * * *
> [c]onferences with an attorney for the public body concerning disputes
> involving the public body that are the subject of pending or imminent court
> action.

{¶ 53} Subsection (H) states in pertinent part:

> A resolution, rule, or formal action of any kind is invalid unless
> adopted in an open meeting of the public body.  A resolution, rule, or formal
> action adopted in an open meeting that results from deliberations in a
> meeting not open to the public is invalid unless the deliberations were for a
> purpose specifically authorized in division (G) or (J) of this section and
> conducted at an executive session held in compliance with this section.

{¶ 54} In his appellate brief at 29, appellant argues the official meeting minutes of the Plain Township Board of Trustees "show absolutely no reference to the authorization of a vexatious litigator action (or any other type of lawsuit) against Mr. Armatas."  As such, he "has fulfilled his burden of demonstrating the essential elements of his claim."

{¶ 55} In *State ex rel. Hicks v. Clermont County Board of Commissioners,* 2022-Ohio-4237, --- N.E.3d ---, the Supreme Court of Ohio reviewed a summary judgment decision involving a claim of an Open Meetings Act violation. The *Hicks* court at ¶ 11 stated, "to receive relief, the plaintiff must prove a violation of the OMA. There is no requirement for the public body to conversely prove that no violation occurred." The *Hicks* court explained at ¶ 21-23:

Under the "presumption of regularity," in the absence of evidence to the contrary, courts will presume that public officers have properly performed their duties and acted lawfully. The presumption of regularity is related to the burden of proof, because if the former attaches, then the burden of production remains on the plaintiff to overcome the presumption and prove that a violation occurred.

The presumption of regularity attaches to public officers, administrative officers, and public boards acting within their official capacities or performing their official duties. Here, the board was acting within its official capacity to discuss employee matters in executive session. Therefore, the presumption of regularity attaches, and the burden of production remains on Hicks to prove that a violation occurred. Under the presumption of regularity, absent evidence to the contrary, courts should presume that a public body in executive session discussed the topics stated in its motion to enter executive session and did not discuss any matters not stated in the motion. It is the plaintiff's burden to prove otherwise.

If we were to hold that the burden of production is on the public body in these circumstances, we would create a presumption of *irregularity.* Consider a case such as this one, in which there is no evidence of what the public body discussed in executive session. If the burden of production were on the public body, then in the absence of any evidence, the court would have to presume that the public body acted contrary to law and considered topics not stated in its motion to enter executive session. That would amount to a presumption of irregularity, which is contrary to Ohio law. (Emphasis sic.) (Citations omitted.)

{¶ 56} According to appellant's April 29, 2021 amended complaint at ¶ 124-127, the official meeting minutes of the Plain Township Board of Trustees dated February 11, 2020, on two occasions dated February 25, 2020, and on March 19, 2020, the board adjourned to executive session to "conference with the law director or other retained counsel concerning pending or imminent court action" as authorized under R.C. 121.22(G). Appellant did not allege any errors regarding going into executive session, but claimed the meeting minutes from January 14, 2020 to October 13, 2020 "shows no reference to the authorization of a vexatious litigator action or any other type of lawsuit against Plaintiff." April 29, 2021 Amended Complaint at ¶ 123. Therefore, any legal action taken against him "should be declared invalid, and/or struck down, and/or declared null and void on the grounds its authorization constituted a disqualifying event under and a violation of the Ohio Open Meetings Act." *Id.* at ¶ 130.

{¶ 57} In their appellate brief at 29-30, appellees argue the following:

in order to succeed in an OMA violation claim, the appellant is required to demonstrate that a majority of the Plain Township Board of Trustees held a prearranged meeting in which public business was discussed and formal action was taken. Here, however, the appellant's only evidence is the *absence* of a resolution to commence the vexatious litigator lawsuit, and the *presumption* that it resulted from Trustee deliberations. (Emphasis sic.)

{¶ 58} In its March 10, 2022, judgment entry granting summary judgment to appellees on this issue, the trial court found the following:

Armatas has not presented this Court with any evidence of a factual issue regarding whether Plain Township conducted improper deliberations upon official business during a secret meeting. The Court has afforded ample time for discovery. Armatas has not put forth any evidence that such meeting occurred. His argument centers around his legal interpretation that deliberation and a resolution are necessary, therefore there must have been some improper deliberation. Plain Township responds that no such deliberation occurred, but rather it was entitled to unilaterally authorize the litigation in some fashion absent a meeting. This Court is not called upon to determine whether Plain Township was correct in its assertion. The sole cause before the Court in that regard is a violation of the Open Meetings

Act.  The Court finds that Plaintiff has failed to create a genuine issue of material fact regarding whether that meeting occurred.

{¶ 59} In reviewing the evidence presented, we concur appellant has not presented any evidence of a factual issue regarding an Open Meetings Act violation.  As held by the *Hicks* court, it was his burden to prove that a violation occurred.

{¶ 60} Upon review, we find the trial court did not err in granting summary judgment to appellees on appellant's Open Meetings Act violation claim.

{¶ 61} Assignment of Error IV is denied.

{¶ 62} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Delaney, J. concur.

EEW/db